966 So.2d 1038 (2007)
STATE of Louisiana
v.
Edward HARRIS.
No. 2007-KD-1735.
Supreme Court of Louisiana.
September 21, 2007.
CALOGERO, Chief Justice, concurs in the denial of the writ application and assigns the following reasons.
In this case, the defendant has filed a pre-trial motion seeking to bar the prosecution from exercising during jury selection at a third trial any of its peremptory strikes statutorily authorized by La.Code Crim. Proc. art. 799.[1] The defendant contends that the procedure set forth in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), is inadequate to protect his due process rights and that, given a hearing, he will be able to establish that there is a long history on the part of this prosecutor of peremptory strikes against African-American prospective jurors based improperly on race.[2] The trial court has to this point denied the defendant's effort to have a hearing conducted on his motion to bar the prosecution from exercising peremptory strikes against African-Americans during jury selection. Accordingly, there is no record evidence on which to conclude that the defendant has made an insufficient showing to support his motion.
While this court has not yet considered or sanctioned the remedy the defendant seeks, the issue of whether the state, on a showing of past discriminatory strikes, may be barred pre-trial from exercising its statutorily-authorized peremptory strikes has certainly been contemplated as a remedy in the face of persistent unconstitutional discrimination against prospective jurors on the basis of race. See Flowers v. State, 947 So.2d 910 (Miss.2007); see also Batson, 476 U.S. at 105, 108, 106 S.Ct. 1712 (Marshall, J., concurring) ("[m]erely allowing defendants the opportunity to challenge the racially discriminatory use of peremptory challenges in individual cases will not end the illegitimate use of the peremptory challenge"; "only by banning peremptories entirely can such discrimination be ended"); Miller-El v. Dretke, 545 U.S. 231, 273, 125 S.Ct. 2317, 2344, 162 L.Ed.2d 196 (2005) (Breyer, J., concurring)(believing it "necessary to reconsider Batson's test and the peremptory challenge system as a whole"); Swain v. Alabama, 380 U.S. 202, 244, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965)(Goldberg, J., dissenting) *1039 ("Were it necessary to make an absolute choice between the right of a defendant to have a jury chosen in conformity with the requirements of the Fourteenth Amendment and the right to challenge peremptorily, the Constitution compels a choice of the former.").
Consequently, it is my view that the trial court, if it chooses, may yet conduct a pre-trial hearing on the alleged systematic and purposeful exclusion of potential jurors historically by this same prosecutor on the basis of race. It may well be that the trial court would be of the view that judicial economy is better served by conducting a hearing prior to the commencement of trial, rather than doing so during voir dire with prospective jurors on hold. And the trial court could well hear evidence that would lead it either to bar the prosecutor from exercising his statutory peremptory strikes against prospective African-American jurors, or after commencement of trial at such time as the prosecution were to peremptorily strike one or more prospective African-American jurors, to determine the merits of any challenge to the strike under Batson and La.Code Crim. Proc. art. 795 C. In any case, the evidence the defendant seeks to introduce appears to be admissible, in my view, because the defendant in establishing his Batson challenge may rely on "all relevant circumstances" to raise an inference of purposeful discrimination, and the trial court has a duty under Batson "to assess the plausibility" of the prosecutor's proffered reason for striking a potential juror "in light of all evidence with a bearing on it." See State v. Snyder, 98-1078, pp. 8-9 (La.9/6/06), 942 So.2d 484, 490 (quoting Miller-El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005)).
JOHNSON, J., concurs in the denial of the writ application with reasons.
The purposeful discriminatory use of peremptory challenges to strike African Americans from a jury violates the defendant's constitutional rights, and undermines the public confidence in our judicial process.
However, I am unaware of any procedure which would allow for a pre-trial hearing on a Batson challenge, prior to the voir dire process. See my dissent in State v. Snyder, 98-1078 (La.9/6/06), 942 So.2d 484, 490.
TRAYLOR, Justice, provides additional concurring reasons.
The Chief Justice appears to be in favor of allowing a pre-trial hearing to determine whether the judge and prosecutor should be required to follow well-established law.
KIMBALL, J., concurring in the denial of the writ application.
The defendant fails to suggest any reason why the state should be prohibited from exercising its statutory right to peremptory challenges under La.C.Cr.P. art. 799. There is no basis to suggest that a constitutional violation will occur in the selection of a jury when voir dire has not yet commenced. The defendant does nothing to show that the protections of Batson and La.C.Cr.P. art. 795 C are ineffective in protecting his rights against discriminatory peremptory challenges on the basis of race.
JOHNSON, J., concurs in the denial of the writ and assigns reasons.
TRAYLOR, J., concurring in the denial of the writ application.
The defendant fails to suggest any reason why the state should be prohibited from exercising its statutory right to peremptory *1040 challenges under La.C.Cr.P. art. 799. There is no basis to suggest that a constitutional violation will occur in the selection of a jury when voir dire has not yet commenced. The defendant does nothing to show that the protections of Batson and La.C.Cr.P. art. 795 C are ineffective in protecting his rights against discriminatory peremptory challenges on the basis of race.
Additional concurring reasons: The Chief Justice appears to be in favor of allowing a pre-trial hearing to determine whether the judge and prosecutor should be required to follow well-established law.
KNOLL, J., concurring in the denial of the writ application.
The defendant fails to suggest any reason why the state should be prohibited from exercising its statutory right to peremptory challenges under La.C.Cr.P. art. 799. There is no basis to suggest that a constitutional violation will occur in the selection of a jury when voir dire has not yet commenced. The defendant does nothing to show that the protections of Batson and La.C.Cr.P. art. 795 C are ineffective in protecting his right against discriminatory peremptory challenges on the basis of race.
NOTES
[1] The defendant's convictions for first degree murder and his sentence of death were previously reversed and a new trial ordered by this court on the basis that the prosecutor, by striking a prospective African-American juror solely on the basis of race, violated federal constitutional equal protection rights of both the defendant and the excused venirepersons. State v. Harris, 01-0408 (La.6/21/02), 820 So.2d 471. The defendant's second trial ended in a mistrial.
[2] In Batson, the United States Supreme Court held that the Equal Protection Clause forbids the use of peremptory strikes to challenge potential jurors solely on account of their race or on the assumption that members of a certain race will be unable to impartially consider the case before them. The court concluded that such discriminatory practices in the use of peremptory challenges denies a defendant equal protection of the law and unconstitutionally discriminates against the potential juror in violation of the Fourteenth Amendment. 476 U.S. at 84-89, 106 S.Ct. at 1716-19.